## CIRCUIT COURT OF THE CITY OF NORFOLK

Walter C. Fisher

v.

Southern Railway Co.

August 12, 1985

Case No. (Law) L85-626

By JUDGE LEONARD B. SACHS

The question for decision is whether or not the defendant is entitled to the entry of an order requiring the plaintiff to appear before a doctor or doctors selected by the defendant for the purpose of examination under Rule 4:10, Rules of the Virginia Supreme Court. Rule 4:10(a) in its pertinent parts states that:

> When the mental or physical condition. . . of a party is in controversy, the Court in which the action is pending, upon motion of an adverse party, may order the party to submit to a physical or mental examination by one or more physicians named in the order and employed by the moving party. . . . The order may be made only on motion for good cause shown.

A reading of the Rule therefore indicates that it is discretionary with the Court which "may order" a physical examination, but the next sentence limits the Court's discretion by stating that: "The order may be made *only* on motion *for good cause shown.* . . ." (emphasis added).

Defendant's motion for medical examination filed on May 30th, 1985, asked for the medical examination but states no grounds for same from which the Court could conclude that there was "good cause." At the hearing on this matter held before the Court on June 6th, 1985, the defendant, by its attorney, stated that the defendant was entitled to an examination by a physician or physicians of their choosing because the treating and attending physicians for the plaintiff had not yet furnished any prognosis with respect to the plaintiff's condition and his ability or inability to return to work. Mr. Prince was concerned that the matter was remaining "on dead center" (transcript, June 6th, 1985, page 17).

Because the Court felt that since that was a valid concern, it continued the case to await a report in which the treating and attending physician or physicians for the plaintiff could give a prognosis. A letter dated June 19th addressed to Mr. Lawrence from the plaintiff's treating physician was received stating:

It is my opinion based upon the duration of Mr. Fisher's disability that he will be unable to return to his job as an engineer in the future.

The matter was back on the Court's docket on August 9th, 1985, when the defendant, once again, asked the Court for the entry of an order to require the plaintiff to submit to examination by physicians chosen by the defendant.

At that hearing, there was no evidence or facts presented from which the court might, as a matter of fact, deduce that "good cause" was shown.

Counsel for defendant states that if they have no medical evidence to present at trial, then they will be required to sit there mute with no opportunity to challenge the opinion of the plaintiff's treating physicians.

It should be noted that during the hearing of August the 9th, it was explained to the Court that the plaintiff, as a railroad employee for the Southern Railway Company is subject to certain timetables which were explained to the Court thusly:

Certain trains are scheduled to be at certain points at certain times of the day, and between those points, if there is an injury, listed on the timetable are the physicians between those two given points who are authorized by the railroad to provide treatment to the injured employees. It is recalled by the Court, based upon the representation of plaintiff's counsel that the doctors so listed are referred to as "company doctors." The Surgeon General of the railway, Tom Howell, M.D., has prepared an affidavit which has been filed by the Court which points out that such doctors are not employees of the railroad but only "willing to treat employees of the Southern Railway Company."

One of these doctors who is on the railroad list to treat the defendant's employees was a Doctor Chen in Northern Virginia who saw and treated the plaintiff on several occasions following the accident and who thereafter referred him to another doctor, one Kent A. Peterson, M.D., of Bethesda, Maryland, who is also listed on the railway timetables.

Based upon the consensus and agreement of counsel at these arguments, the reports from these two physicians were all originally and solely referred by the railway representatives and in fact Dr. Chen felt that the man ought to be referred, according to the statements of counsel, the referral was perfected by the trainmaster who made the appointment with Dr. Peterson for the plaintiff.

*Virginia Linen Services v. Allen*, 198 Va. 700 (1957), was decided at a time when the medical experts were "independent." At that time the defendant would request an examination and list several doctors and the Court would appoint one of those doctors or a doctor that it chose on its own. That is no longer the case. Now, under the Rule, the defendant selects and pays his own physician, and such doctors are retained as agents of the party (either plaintiff or defendant) retaining them.

There is a quote from *Virginia Linen Service* which seems applicable to this case:

It appears in this case that the plaintiff agreed to be examined by any physician or physicians selected by the defendant. It was not error of which the defendant can complain when the Court named the physician whom the defendant suggested. 198 Va. 700 at 703.

In this case, the plaintiff agreed to be examined and was treated by the physician or physicians selected by the defendant. They cannot be heard to complain that the opinion of those physicians is not to their liking and, assuming liability, exposes them to some considerable risk of loss.

That is a serious problem for the defendant but not "good cause" within the meaning of the Rule.

Counsel for defendant hand carried to the court, following the argument, a photocopy of the opinion in *Schlagenhauf v. Holder*, 379 U.S. 104 (1964), in which the Supreme Court was called upon to construe in a certain context the scope of Rule 35 of the Federal Rules of Civil Procedure. Virginia rules as they now exist are similar is not identical to Rule 35 as it existed at the time of the decision in the *Schlagenhauf* opinion.

At 379 U.S. 118, the Court stated:

Rule 34's good-cause requirement is not a mere formality, but is a plainly expressed limitation on the use of that Rule. This is obviously true as to the "in controversy" and "good cause" requirements of Rule 35. They are not met by mere conclusory allegations of the pleadings -- nor by mere relevance to the case -- but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exist for ordering each particular examination. Obviously what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

8

Rule 35, therefore, requires discriminating application by the trial Judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements. . .

Of course, *there are situations where the pleadings alone are sufficient to meet these requirements.* A plaintiff in a negligence action who asserts mental or physical injury, cf. *Sibbach v. Wilson & Co.*, 312 U.S. 1, places that mental or physical injury clearly in controversy and *provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.*" (Emphasis added.)

The defendant does not gain anything by the decision in Schlagenhauf because they have stated no facts which would be good cause and the "pleadings alone," which are stated here, do not constitute good cause because they know "the existence and extent of such asserted injury" because that information was furnished to them by doctors in their employ.

Accordingly, the Court is of the opinion that there is not good cause for requiring the plaintiff to submit to an examination by a physician or physicians of the defendant's choosing, and the motion for same is overruled.